Dear Mr. Wade Rasberry:
This office is in receipt of your request of recent date wherein you asked:
 Does current Louisiana law require all persons using explosives to be licensed by the state? Specifically, is the exception stated in Title 40, Chapter 6, Section 1472.4 still in effect under current state law?
 Does the felony mentioned in Section 1472.10 apply to all state felonies or only to those enumerated in LSA-R.S. 14.95.1?
 Does a Louisiana First Offender's Pardon restore a person's rights under state law to obtain a license to possess explosives?
 If current Louisiana law allows an unlicensed person to handle explosives "under the immediate and personal supervision and control" of a licensee, does an un-pardoned felony conviction (enumerated or un-enumerated) prevent an individual from possessing explosives under the above conditions.
In response to Question One, current Louisiana law does require all persons using explosives to be licensed by the State. The exception enumerated in LSA-R.S. 40:1472.4 is not still in effect under current state law as it has been repealed by Act No. 161 rendered June 2, 2003. Act No. 161 states "to repeal provisions authorizing persons who do not possess a license to work with explosives." Therefore, the statute provides that all persons must be licensed to work with explosives; there shall be no exceptions to the above stated law.
In response to Question Two, the "felony" enumerated in LSA-R.S.40:1472.10 applies to any felony as defined by the Louisiana Code of Criminal Procedure. There is currently nothing in the Official Revision Comments or Act No. 161, which indicates that the "felony" is restricted to only apply to those felonies enumerated in LSA-R.S. 14.95.1.
In response to Question Three, Louisiana first offender's pardon does not restore a person's right to handle explosives because Article 1, Section 20 of the Louisiana Constitution only restores basic rights; there is no constitutional right to possess and/or handle explosives. LSA-R.S. 1472.4 requires those working with explosives to possess a license because it is a privilege and not a constitutional right. Therefore, Section 1472 permits the State, in its discretion, to deny the exercise of this privilege to anyone convicted of any felony.
Question number four has been answered in Question One, since Louisiana now requires all persons to be licensed to work with explosives.
It is the opinion of this office, that all persons must be licensed to work with explosives; that the word "felony" applies to any felony as defined by the Louisiana Code of Criminal Procedure; and that the Louisiana First Offender's Pardon does not restore a convicted felons right to possess explosives.
 Very truly yours, CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: ____________________ KRISTI HAGOOD ASSISTANT ATTORNEY GENERAL KH/et/hy